IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RANDAL DRAFTON                                                                                    PLAINTIFF

vs.                                         Civil No. 6:16-cv-06026

NANCY A. BERRYHILL                                                                          DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Randal Drafton ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed his disability applications on September 11, 2012. (Tr. 16, 207, 214). In his applications, Plaintiff alleges being disabled due to back problems, eye problems, cognition problems, sleep problems, bipolar disorder, high blood pressure, and depression. (Tr. 260). During the administrative hearing in this matter, Plaintiff also detailed his head injuries, one

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

from an assault and several from car accidents. (Tr. 43-44). Plaintiff alleges an onset date of November 1, 2008. (Tr. 16). These applications were denied initially and again upon reconsideration. (Tr. 77-112).

After Plaintiff's applications were denied, Plaintiff requested an administrative hearing, and this hearing request was granted. (Tr. 37-76). Thereafter, on June 9, 2014, the ALJ held an administrative hearing in Hot Springs, Arkansas on Plaintiff's applications. *Id.* At this hearing, Plaintiff was present and was represented by Ian Reed. *Id.* Plaintiff and Vocational Expert ("VE") James Wallace testified at this hearing. *Id.* At this hearing, Plaintiff testified he was fifty (50) years old, which is defined as a person "closely approaching advanced age" under 20 C.F.R. § 416.963(d) (2008) (SSI) and 20 C.F.R. § 404.1563(d) (2008) (DIB). (Tr. 40). As for his education, Plaintiff testified he completed the eleventh grade in school and truck driving school. (Tr. 41).

On June 9, 2014, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 13-31). The ALJ found Plaintiff last met the insured status requirements of the Act through September 30, 2013. (Tr. 18, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since November 1, 2008, his alleged onset date. (Tr. 19, Finding 2). The ALJ determined Plaintiff had the following severe impairments: arthralgias, bipolar disorder, depression, post-traumatic stress disorder, and a history of alcohol abuse. (Tr. 19-21, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 21-23, Finding 4).

The ALJ then evaluated whether Plaintiff was disabled, both considering his substance abuse disorder and assuming he discontinued his substance abuse. (Tr. 23-30). Assuming he still

2

continued to consume alcohol at his current rate, the ALJ determined he was disabled. (Tr. 24-25, Finding 10). However, assuming he discontinued his alcohol consumption, the ALJ determined Plaintiff would retain the following limitations:

> If the claimant stopped the substance use, the claimant would have the residual functional capacity to lift and carry up to 20 pounds occasionally and 10 pounds frequently; sit 6 hours in an 8-hour workday; stand and walk a total of 6 hours in an 8-hour workday; frequently stoop, bend, crouch, kneel, and balance; restricted from use of ropes, ladders and scaffolding; can perform work which is simple, routine, and repetitive with supervision that is simple, direct and concrete.

*Id*. The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 29-30, Finding 14). Considering his RFC, the ALJ determined Plaintiff could not perform any of his PRW, even if he stopped his substance abuse. *Id.*

The ALJ also considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy, assuming he stopped his substance abuse. (Tr. 30, Finding 16). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the following three occupations: (1) housekeeper at a hotel (light, unskilled) with approximately 1,860 such jobs in Arkansas and 221,600 such jobs in the United States; (2) cashier 2 (light, unskilled) with approximately 14,870 such jobs in Arkansas and 1,677,000 such jobs in the United States; and (3) fast food worker (light, unskilled) with 16,300 such jobs in Arkansas and 2,147,000 such jobs in the United States. (Tr. 30, Finding 16). Because Plaintiff retained the capacity to perform this work if he stopped his substance abuse, the ALJ also determined Plaintiff had not been under a disability, as defined by the Act, from his alleged onset date through the date of the ALJ's decision or through June 9, 2014. (Tr. 30, Finding 17).

Thereafter, Plaintiff requested the review of the Appeals Council. On October 26, 2015, the Appeals Council denied this request for review. (Tr. 6-8). On March 17, 2016, Plaintiff filed his Complaint in this matter. ECF No. 1. The Parties consented to the jurisdiction of this Court on March 17, 2016. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 11, 13. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines

a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 11.  Specifically, Plaintiff raises two issues in his appeal brief: (1) the ALJ erred by finding his traumatic brain injury was not a severe impairment; and (2) the ALJ erred in failing to evaluate the limitations from his traumatic brain injury.  ECF No. 11 at

5

1-15. Because the Court finds the ALJ erred by finding his traumatic head injuries were non-severe, this case must be reversed and remanded.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*). *See also Kirby v. Astrue,* 500 F.3d 705, 707-09 (8th Cir. 2007).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

In this case, Plaintiff alleged being disabled due to his repeated head injuries. (Tr. 43-44). To support this claim, Plaintiff has submitted multiple medical records demonstrating he has been diagnosed with a history of head trauma. (Tr. 419, 430). Furthermore, in a report from October 8, 2012, his doctor reported he had a "moderate to severe limitation" due to this impairment and his related problems, including seizures. (Tr. 419). This record alone demonstrates Plaintiff's head injuries impact his ability to perform basic work activities. Despite these records, the ALJ did not

find Plaintiff's multiple traumatic head injuries qualified as "severe." Accordingly, the Court finds the ALJ's determination Plaintiff had no severe impairment due to his past head trauma was not supported by substantial evidence in the record. Thus, this case must be reversed and remanded for further consideration of this issue.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 21st day of February 2017.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE